IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JO ANNE BREWER, individually
and as surviving spouse of
MELVIN DUANE BREWER,
Deceased,

    Plaintiff,

v.                                          No. 13-1330

MR. HEATER, INC.,

    Defendant.

_____

ORDER DISMISSING COMPLAINT
_____

        This action was brought by Plaintiff, Jo Anne Brewer, against Defendant, Mr. Heater, Inc. ("Mr. Heater"), in Weakley County, Tennessee Circuit Court on November 12, 2013 (Docket Entry ("D.E.") 1-1) and removed to this Court by Defendant on December 16, 2013 (D.E. 1). Brewer asserts several claims stemming from Defendant's allegedly negligent actions in manufacturing and marketing a heater that caused the burning and ultimate death of her husband, Melvin Duane Brewer. (D.E. 1-1.) Before the Court is Mr. Heater's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.E. 7.)

STANDARD OF REVIEW

        The Rule permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts applying this rule must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (quoting Jones v. City of Cincinnati, 521 F.3d 555, 559 (6th Cir.

2008)), *cert. denied* \_\_ U.S. \_\_, 131 S. Ct. 896, 178 L. Ed. 2d 746 (2011) .While a complaint does not require "detailed factual allegations" to survive a motion to dismiss, it must go beyond mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *see* Republic Bank & Trust Co. v. Bear Stearns & Co., 683 F.3d 239, 246–47 (6th Cir. 2012) (quoting Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)) (Courts "need not adopt 'a legal conclusion couched as a factual allegation.'") Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## BACKGROUND

Plaintiff alleges that her husband died as a result of burns suffered on November 12, 2012 from a heater that was negligently designed, manufactured, and marketed by Defendant. Brewer specifically asserts that Mr. Heater failed to design and provide a sufficient flame guard or provide any meaningful instructions or warnings concerning the proper use or potential dangers of the product. She claims that Defendant knew or had reason to know of the deficiencies with the heater but continued to market it anyway. Based on these averments, Brewer asserts various product liability and breach of warranty claims.

## ANALYSIS

Defendant argues that all of Plaintiff's claims should be dismissed because she has failed to allege any facts which, accepted as true, would show that a defect in the heater led to Mr.

Brewer's injuries. (D.E. 7-1 at 5.) Plaintiff insists in her response that the complaint satisfies the pleading standard of Federal Rule of Civil Procedure 8 by providing short, plain statements of her claims showing she is entitled to relief. (D.E. 12.)

While Brewer has alleged several different claims against Mr. Heater, each is covered by the Tennessee Products Liability Act (the "TPLA"). *See* Tenn. Code Ann. § 29-28-102(6) (defining "product liability action[s]" as "all actions brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product").[1] To state a claim under the TPLA, a plaintiff must allege facts allowing a court to infer that "(1) the product was defective and/or unreasonably dangerous, (2) the defect existed at the time the product left the manufacturer's control, and (3) the plaintiff's injury was proximately caused by the defective product." Sigler v. Am. Honda Motor Co., 532 F.3d 469, 483 (6th Cir. 2008) (citation and internal quotation marks omitted), *reh'g and reh'g en banc denied* (Dec. 1, 2008). A product is in a "defective condition" when its state "renders it unsafe for normal or anticipatable handling and consumption[.]" Tenn. Code Ann. § 29-28-102(2). An injury is not proof of a defect. Maness v. Bos. Scientific, 751 F. Supp. 2d 962, 969 (E.D. Tenn. 2010) ("Even assuming that the [product] injured the Plaintiff, that is not enough to show that the [product] was defective or unreasonably dangerous . . . ."). A product is "unreasonably dangerous" when it is

---

[1] The statute goes on to state that a

"[p]roduct liability action" includes, but is not limited to, all actions based upon the following theories: strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent, or innocent; misrepresentation, concealment, or nondisclosure, whether negligent, or innocent; or under any other substantive legal theory in tort or contract whatsoever[.]

Id.

dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics, or that the product because of its dangerous condition would not be put on the market by a reasonably prudent manufacturer or seller, assuming that the manufacturer or seller knew of its dangerous condition.

Tenn. Code Ann. § 29-28-102(8).[2]

For any TPLA action, "a plaintiff must show that there was something wrong with the product, and trace the plaintiff's injury to the specific defect." King v. Danek Med., Inc., 37 S.W.3d 429, 435 (Tenn. Ct. App. 2000) (internal citation omitted). A manufacturer or seller is not liable "unless there is a showing that the particular defect or dangerous condition proximately caused the plaintiff's injury." Id.; see Maness, 751 F. Supp. 2d at 970 ("The relevant question is not whether the [product] caused [the injury]; the issue is whether the alleged *defective design or manufacturing* of the [product] caused [the injury].") (emphasis in orginal). Thus, at the pleading stage, a plaintiff must allege facts indicating "how" the alleged defect caused her injuries. Tilden

---

[2] Tennessee Courts determine whether a product is "unreasonably dangerous" by employing the "consumer expectation" test, the "prudent manufacturer" test, or both. King v. Danek Med., Inc., 37 S.W.3d 429, 436 (Tenn. Ct. App. 2000) (citing Ray ex rel. Holman, 925 S.W.2d 527 (Tenn. 1996)). The consumer expectation test "requires a showing that the product's performance was below reasonable minimum safety expectations of the ordinary consumer having ordinary, 'common' knowledge as to its characteristics." Jackson v. Gen. Motors Corp., 60 S.W.3d 800, 806 (Tenn. 2001). Alternatively, "the prudent manufacturer test imputes knowledge of the product's condition to the manufacturer and requires proof concerning the reasonableness of the decision of the manufacturer to market the product in light of this knowledge." Brown v. Crown Equip. Corp., 181 S.W.3d 268, 282 (Tenn. 2005) (citing Ray, 925 S.W.2d at 530–31).The prudent manufacturer test employs

> a risk-utility balancing of a number of factors, including (1) the product's usefulness and desirability; (2) the product's safety aspects-the likelihood and probable seriousness of injury; (3) the availability of a substitute product that would safely meet the same need; (4) the manufacturer's ability to eliminate the product's unsafe character without hindering its usefulness or causing the maintenance of its utility to be too expensive; (5) the ability of the operator or user to avoid danger through the exercise of care in using the product; (6) the user's anticipated awareness of the product's inherent dangers and their avoidability; and (7) the feasibility of the manufacturer spreading the loss by setting the price of the product or maintaining liability insurance.

Id. at 282–83.

v. Gen. Elec. Co., No. 3:11-cv-628, 2012 WL 1023617, at *4–5 (E.D. Tenn. Mar. 26, 2012). Simply alleging that she suffered injuries from the product "is not enough." Id. at 5.

Plaintiff set forth the factual basis for her product liability claims as follows:

5. . . . on or about the 12th day of November, 2012, at or about 10:00 a.m.[,] MELVIN DUANE BREWER, deceased, was burned by a heater manufactured by MR. HEATER, INC. MELVIN DUANE BREWER later died as a result of the burn injury referenced herein.

8. Plaintiff JO ANNE BREWER avers that the sole, direct and proximate cause of the burning of, and ultimately death of, MELVIN DUANE BREWER was the negligence of the product manufacturing in that MR. HEATER. INC. failed to:

(a) Properly design the heater in question in a manner in which would have prevented the occurrence of this incident;

(b) Design and provide a flame guard sufficient to prevent the incident and resulting injuries to MELVIN DUANE BREWER as referenced herein;

(c) Provide sufficient, clear and meaningful instructions concerning the use of the product by ordinary consumers;

(d) Provide reasonable and meaningful cautions and warnings which would have advised the ordinary product consumer, such as MELVIN DUANE BREWER, about the possibility of occurrences of this type and which would have also advised said ordinary consumers about the injurious consequences which could easily result in the event that the warnings were not followed; and

(c) Provide any warnings of any kind or type which would advise the ordinary consumer about the dangers of the product in question and which dangers were known or should have been known by the said manufacturing Defendant.

(D.E. 1-1 at 2–3.)

Once the legal conclusions from Plaintiff's complaint are stripped away pursuant to Iqbal and Twombly, there is little, if any, substance left to her allegations. Under Rule 12(b)(6), a plaintiff must plead "factual content" allowing this Court to make a reasonable inference that the defendant is responsible for the alleged harm. Iqbal, 556 U.S. at 678, 129 S. Ct. 1937 (citing

5

Twombly, 550 U.S. at 556, 127 S. Ct. 1955). However, the entirety of the factual content describing the injury and how it occurred is that Mr. Brewer was "burned" by the heater, and he later died. (D.E. 1-1) The only allegation tending to describe a defect or dangerous condition is that the "flame guard" on the heater was insufficient. (Id. at 2.) The remainder of Plaintiff's complaint is nothing but "labels and conclusions" or "formulaic recitation[s] of the elements" of various causes of action. Twombly, 550 U.S. at 555, 127 S. Ct. 1955.

Even assuming that Brewer has sufficiently claimed that the heater was defective in that it lacked a proper flame guard, she has clearly failed to allege causation by neglecting to plead any facts which would "trace" her husband's injuries to this defect. King, 37 S.W.3d at 435; *see, e.g.*, Tilden, 2012 WL 1023617, at *5 (pleading "defectiveness and the injury related to the defect" is an insufficient basis to infer causation); Maness, 751 F. Supp. 2d at 970 (A plaintiff must "allege facts for the Court to infer that the *condition* of the Device—based upon an alleged design or manufacturing defect—caused her alleged injuries.") (emphasis in original). Instead of describing "how" the injury occurred, Plaintiff simply concludes that the heater was "the sole, direct and proximate cause of the burning." (D.E. 1-1 at 2.) This conclusory statement is patently insufficient under Rule 12(b)(6). *See* Iqbal, 556 U.S. at 678, 129 S. Ct. 1937 (an "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient). *Cf.* Westfield Ins. Co. v. Broan-Nutone, L.L.C., No. 1-10-0110, 2011 WL 9048, at *2 (M.D. Tenn. Jan. 3, 2011) ("no question" of how product caused injury where the plaintiff pled that a defective ceiling fan caught fire and burned property); Bearden v. Honeywell Int'l, Inc., No. 3:09-01035, 2010 WL 1223936 (M.D. Tenn. Mar. 24, 2010) (causation sufficiently plead where the plaintiffs alleged facts from various industry reports indicating the product caused air pollutants in their home to exceed the suggested maximums).

Plaintiff does not address the dearth of facts regarding causation in her response to Defendant's motion. She simply argues that she has adequately plead her claims under Federal Rule of Civil Procedure 8 in that "[t]he complaint specifically asserts that Defendant manufactured the alleged defective product at issue, and that specifically, Plaintiff's husband's death occurred as the result of Defendant's various, specific acts of negligence." (D.E. 12 at 4.) These "specific acts" Plaintiff refers to are apparently the aforementioned recitations of various causes of actions that are nearly devoid of facts and which the Court has found insufficient to state a claim.

Because the Court finds that Brewer failed to allege any facts allowing the Court to infer that the heater caused her husband's injury—a requirement for each of her claims—her complaint is hereby DISMISSED. *See* Tenn. Code Ann. § 29-28-102(6) (defining each claim as a "[p]roduct liability action"); Sigler, 532 F.3d at 483 (proximate cause is element of prima facie product liability claim); King, 37 S.W.3d at 435 (must "trace" the injury to the defect).

IT IS SO ORDERED this 7th day of April, 2014.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE